State *v.* Tankersly.

THE STATE *v.* SARAH TANKERSLY.

1. PROSECUTOR. *Husband.* The husband cannot be the prosecutor in an indictment against the wife.

2. SAME. *Incompetent.* An incompetent prosecutor marked on an indictment is, in legal effect, the same as if no prosecutor at all were marked.

FROM FRANKLIN.

Appeal in error from the Circuit Court of Franklin county. J. J. WILLIAMS, J.

ATTORNEY-GENERAL LEA for the State.

T. D. GREGORY for Tankersly.

DEADERICK, C. J., delivered the opinion of the court.

At the July term, 1880, of the circuit court of Franklin county, defendant was indicted by her husband of the first marriage, for bigamy, in marrying a second time, he being her lawful husband at the time of said second marriage. At the next November term of said court, after the jurors had been selected to try the case, but before they were sworn, defendant, by her counsel, moved to quash the indictment, because it appeared therefrom that her husband was the prosecutor, and he could not become the prosecutor of his wife. The circuit judge sustained the motion and quashed the indictment, from which judgment the State appealed.

In the case of the *State* v. *Dillon*, 1 Head, 389,. it was held by this court, that an infant might be a prosecutor, because he was liable for costs and for tresspass and torts, citing 11 Hum., 41, in which it was held that a married woman could not be a prosecutrix, because she was not liable for costs, if the prosecution was frivolous or malicious, nor amenable to the defendant for false imprisonment.

The test, therefore, seems to be that the party prosecuting shall be liable for costs, and also that he shall be liable to action by the party prosecuted, for false imprisonment or malicious prosecution.

It would hardly be maintained that the wife can sue, at law, her husband to recover damages for either false imprisonment or malicious prosecution. The husband, therefore, cannot become the prosecutor on an indictment against his wife.

By statute the wife may, in certain cases, prosecute the husband; but there is no law in our State authorizing the husband to prosecute, for a criminal offense, his wife. An incompetent prosecutor marked on an indictment is, in legal effect, the same as if no prosecutor at all was so marked; and as a prosecutor is necessary on every indictment, this case stood in the court as if no one was marked as prosecutor.

Before the act of 1851–2, Code, sec. 5242, sub-sec. 2, it was held by this court, that the omission to mark a prosecutor on the indictment may be taken advantage of *at any time* by motion to discharge the prisoner, or to quash the indictment: 10 Yer., 239; 1 Overton, 481. And in a case in which a married

woman was prosecutrix, it was held that the objection might be taken by plea, motion to quash, or to set aside the verdict: 5 Sneed, 64. But by the Code, sec. 5242, sub-sec. 2, it is provided that the objection must be taken before verdict, as was done in this case.

The judgment of the circuit judge will be affirmed, the motion to quash sustained and the prisoner discharged.